# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TREA CLAUDETTE ANDERSON OTIES,<br><br>Plaintiff,<br><br>vs.<br><br>DALE DUPREA OTIES, JOI GAINEY, JUNE WILLIAMS, AND JUNE E LOFTON,<br><br>Defendants. | 2:19-cv-01684-KJD-VCF<br><br>**ORDER AND,**<br><br>**REPORT AND RECOMMENDATION FOR DISMISSAL**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 1] AND COMPLAINT [ECF NO. 1-1] |

Before the Court is *pro se* plaintiff Trea Claudette Anderson Oties's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Plaintiff Oties brings claims against defendants Dale Duprea Oties for domestic abuse (assault), and against Joi Gainey, June Williams and June Lofton (her mother), for fraud and libel. (ECF No. 1-1). Plaintiff Oties alleges that the Court has federal question jurisdiction. (*Id.* at 4).

The Court Orders *sua sponte* that the Clerk of Court SEAL the first page of Oties's application to proceed *in forma pauperis* as it appears to contain the listed defendants' social security numbers.

Pursuant to 28 U.S.C. § 1915(e), this Court recommends that this action be dismissed for lack of subject-matter jurisdiction.

//

//

1

**I.     Discussion**

    **a.  Federal Rule of Civil Procedure 5.2(a)(1)**

Federal Rule of Civil Procedure 5.2(a)(1) mandates that litigants must not file documents, "with the court that contains an individual's social security number" and "a party or nonparty making the filing may include only: the last four digits of the social-security number[.]" The Ninth Circuit has found that public disclosure of SSNs [Social Security numbers], especially when accompanied by names and addresses, may implicate the constitutional right to informational privacy…[and] the harm that can be inflicted from the disclosure of a SSN to an unscrupulous individual is alarming and potentially financially ruinous." *Ferm v. United States Tr. (In re Crawford)*, 194 F.3d 954, 958 (9th Cir. 1999) (internal citations omitted). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1137 (9th Cir. 2003).

It appears that Oties has included the social security numbers of two of the defendants on the first page of the *in forma pauperis* ("IFP") application. The defendants have not been served and have not had an opportunity to oppose or request that the filing be sealed. The Court thus *sua sponte* directs the Clerk of Court to seal the two social security numbers listed at the top of page 1 of Oties's IFP application so that the social security numbers are hidden from the public docket.

    **b.  Recommendation to Dismiss**

Pursuant to 28 U.S.C. § 1915, the court must screen an IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. "Federal courts are courts of limited jurisdiction." *Richardson v. United States*, 943 F.2d 1107, 1108 (9th Cir. 1991).  "The jurisdiction of district courts and the courts of appeals

are limited by the Constitution and those subjects encompassed within a statutory grant of jurisdiction." *Id.* Pursuant to 28 USCS § 1331, federal courts have, "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 USCS § 1332(a)(1), federal courts have jurisdiction in civil actions where the matter in controversy exceeds $75,000 AND the action, "is between citizens of different States." Federal Rule of Civil Procedure 12(h)(3) states that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction." *Cat Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974).

None of plaintiff Oties's claims for fraud, libel, and assault are federal questions, as each of these claims arise under Nevada state law and should be brought in Nevada state court. The Court notes that plaintiff states at the end of her complaint that she, "was tortured suffered [second degree] burns from electric handcuffs Adelantie sheriffs 1-8-18" which could be construed as an excessive force claim: but the plaintiff has not named any law enforcement defendants in this case. (ECF No. 1-1 at 5). There is no Adelantie Sheriff's Office, or similarly named sheriff's office, in Nevada.[1] Plaintiff Oties also does not meet the requirements for diversity jurisdiction, because two of the named defendants live in Nevada, which breaks diversity. The Court does not have subject-matter jurisdiction. The Court must dismiss the complaint.

ACCORDINGLY,

IT IS ORDERED that the Clerk of Court SEAL the two defendants' social security numbers from page 1 of plaintiff Trea Claudette Anderson Oties's *in forma pauperis application*. (ECF No. 1 at 1).

---

[1] According to plaintiff's complaint, she used to live in Southern California. (ECF No. 1-1 at 14). The Court notes that Adelanto (similar spelling) is part of San Bernardino County Sheriff's Department. If this is the correct sheriff's department, then plaintiff may have federal question jurisdiction in the Central District of California for any excessive force claims against the sheriff.

IT IS RECOMMENDED that plaintiff Trea Claudette Anderson Oties's complaint (ECF No. 1-1) be DISMISSED for lack of subject-matter jurisdiction.

IT IS FURTHER RECOMMENDED that plaintiff Oties's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED AND RECOMMENDED.

DATED this 15th day of October 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE